**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **MARCUS FULLER,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| **PIRELLI TIRE LLC,** | ) | |
| | ) | Jury Trial Requested |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiff, Marcus Fuller, files this Complaint against Defendant Pirelli Tire

North America LLC ("Pirelli Tire"), under the Americans With Disabilities Act

("ADA"), 42 U.S.C. §12101 *et seq*, and the Family Medical Leave Act ("FMLA")

29 U.S.C.A. § 2601 *et seq*.

## JURISDICTION AND VENUE

### 1.

Jurisdiction is proper as this Court has subject matter jurisdiction of the federal

claims asserted in this action under 28 U.S.C. §§ 1331, 1343(a)(4), 42 U.S.C. §12101

*et seq*, and 29 U.S.C.A. § 2601 *et seq*. This court also has diversity jurisdiction under

28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and, in

addition, Mr. Fuller is a resident of Michigan while Pirelli Tire is a resident of Delaware and Georgia.

2.

Venue is proper under 28 U.S.C. § 1391(b) and L.R. 3.1(B)(3) because (1) a substantial part of the events and omissions giving rise to Mr. Fuller's claims occurred within this District and Division and (2) Defendant resides and transacts business in this District and Division.

**PARTIES**

3.

**Plaintiff, Marcus Fuller,** was employed by Pirelli Tire North American from January 2005 until his termination on December 23, 2019. Mr. Fuller is currently a resident of Michigan. Mr. Fuller was a resident of Georgia while he was employed by Pirelli Tire. At all times relevant to this Complaint, Mr. Fuller was a citizen of the United States and had clearly established legal rights under state and federal law and the United States Constitution.

4.

**Defendant, Pirelli Tire North America LLC**, at all times relevant, was a tire manufacturing company doing business in the state of Georgia. Pirelli Tire was Mr. Fuller's employer until Mr. Fuller was terminated. Pirelli Tire has more than fifty

employees. Pirelli Tire is a limited liability company incorporated in Delaware with principal place of business located at 100 Pirelli Drive, Rome, Georgia, 30161. It may be served by serving its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

## STATEMENT OF FACTS

5.

Mr. Fuller suffers from multiple sclerosis. His condition was first diagnosed around 2008 or 2009. As a result, Mr. Fuller often experiences muscle weakness throughout parts of his body but most often ins his legs. The muscle weakness in Mr. Fuller's legs becomes most severe when Mr. Fuller's core body temperature rises.

6.

In January 2005, Mr. Fuller began working for Pirelli Tire.

7.

Mr. Fuller was employed on the Pirelli Tire production line, where he worked eight hours per day, five days per week.

8.

From about 2015, Mr. Fuller was an inspector on the Pirelli Tire production line inspecting BMW tires. His duties required him to pick up tires from racks, inspect them, discard tires that had imperfections, and then place good tires back on

the racks.

9.

BMW expected good quality tires. Mr. Fuller's supervisors valued having Mr.

Fuller work as an inspector because they knew he would catch defaults in tires that

other employees missed.

10.

Beginning around 2010, Mr. Fuller had to routinely take a leave of absence

from his job for medical conditions for a period of time each year during the summer

because of how hot the factory became.

11.

During the daytime in summer months the factory floor reached temperatures

in excess of 95 degrees.

12.

Starting around 2016, Pirelli Tires allowed Mr. Fuller to use a small portable

air conditioner at his workstation. This helped Mr. Fuller manage the heat somewhat,

but overall, the excessive heat in the factory continued to trigger Mr. Fuller's

multiple sclerosis.

13.

Starting around 2017, Mr. Fuller began working on a night shift, eight hours

a night, five nights a week. Working at night allowed Mr. Fuller to better manage

the symptoms of his condition.

14.

In 2018, new management took positions in the Pirelli Tire factory.

15.

On July 16, 2019, Mr. Fuller applied for FMLA leave due to muscle weakness

that was a direct result of his multiple sclerosis.

16.

The FMLA leave was approved but the twelve weeks of FMLA benefits

would be exhausted as of October 6, 2019.

17.

On October 30, 2019, Mr. Fuller informed Yuronda Smith, a benefits manager

at Pirelli Tire, that his physician was taking him out of work due to muscle weakness

on the left side of his body.

18.

In a meeting with Yuronda Smith on October 30, 2019, Smith informed Mr.

Fuller that he had exhausted the twelve weeks of FMLA leave available in the 2019

calendar year.

19.

In a November 4, 2019, letter from Smith to Mr. Fuller, Smith stated that Mr. Fuller's FMLA leave was exhausted and he was now being paid under the company's Short Term Disability policy.

20.

Later in November, Toby Holsomback, the production manager, and other HR employees informed Mr. Fuller that he would be moved back to the production line on twelve hour rotating shifts.

21.

From previous experience, Mr. Fuller knew that working twelve-hour shifts caused his legs to feel like lead at the shift's end. Often, after twelve-hour shifts, Mr. Fuller's legs were so weak that he almost collapsed or had trouble driving his truck home.

22.

In November 2019, Mr. Fuller requested an alternative to working a rotating twelve-hour shift, such as an eight-hour shift.

23.

Other possibilities for accommodations existed as well. For example, Pirelli Tire could have permitted Mr. Fuller to use a scooter, which would have allowed Mr. Fuller to occasionally rest.

24.

Pirelli Tire informed Mr. Fuller that his previous eight work schedule was no longer an option.

25.

Pirelli Tire made no other attempts to accommodate Mr. Fuller.

26.

The next communication Mr. Fuller received from Pirelli Tire was a letter dated December 23, 2019, informing Mr. Fuller that he was fired.

27.

In the December 23, 2019, letter Pirelli Tire informed Mr. Fuller that Pirelli Tire was ending his employment.

28.

The December 23, 2019, letter gave no reason for Mr. Fuller's termination.

29.

On June 17, 2020, Mr. Fuller filed a charge of discrimination with the EEOC.

30.

On April 2, 2021, the Atlanta District Office of the EEOC issued Mr. Fuller a right to sue letter.

**COUNT I**
**VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT**

31.

Plaintiff now fully incorporates the facts and assertions found in paragraphs 1-30, and any other facts this Court deems relevant, as if fully stated herein to support all allegations made in this Count.

32.

Mr. Fuller is disabled within the meaning of the ADA, 42 U.S.C.A. § 12102, because Mr. Fuller currently has multiple sclerosis, an impairment that substantially limits one or more major life activities.

33.

Defendant Pirelli Tire is an employer under the ADA, 42 U.S.C.A. § 12111, and therefore subject to the ADA and thus must abide by the laws the govern the ADA.

34.

Based on the incorporating facts to support this Count, Defendant violated Mr.

Fuller's protections under the ADA. Defendant failed to offer a reasonable accommodation to Mr. Fuller, who has a known disability; instead, Defendants terminated him because of his disability.

35.

Defendant Pirelli Tire violated Mr. Fuller's ADA rights by breaching its duty to provide Mr. Fuller with the reasonable accommodation of permitting Mr. Fuller to adjust the length of his shift and number of hours he works. If Mr. Fuller worked only eight-hour shifts, as he had for more than fourteen years, then Mr. Fuller was able to work and not over overextend himself and manage his medical condition. In the alternative, Pirelli Tire could have offered Mr. Fuller another reasonable accommodation, such as the use of a scooter.  Instead, by only providing Mr. Fuller the option of working twelve-hour shifts, Pirelli Tire knew Mr. Fuller would struggle to perform because of his disability. Pirelli Tire is a national corporation with sufficient resources to implement the reasonable accommodation of permitting Mr. Fuller to return to an eight-hour shift, to use a scooter, or to use another reasonable accommodation.

36.

As a result of Defendant's unlawful and discriminatory practices, Mr. Fuller has been deprived of equal employment opportunities and wages.

37.

As a result of Defendant's unlawful and discriminatory practices, Mr. Fuller has suffered damages, including, but not limited to, the loss of his job, wages, emotional distress, inconvenience, humiliation, and other indignities. Under 42 U.S.C.A. § 1981, Mr. Fuller is entitled to compensatory, punitive, and special damages, as well as attorneys fees, regarding Defendant's violation of his rights protected by Title I of the ADA.

## COUNT II
## RETATILTION FOR REQUESTING OR USING FMLA LEAVE

38.

Plaintiff now fully incorporates the facts and assertions found in paragraphs 1-30, and any other facts this Court deems relevant, as if fully stated herein to support all allegations made in this Count.

39.

Defendant Pirelli Tire is an employer within the meaning of the FMLA. Defendant Pirelli Tire is a private-sector employer with fifty or more employees.

40.

Mr. Fuller is an employee within the meaning of the FMLA because he worked for the covered employer for at least twelve months.

41.

Mr. Fuller was entitled to use FMLA leave because he suffered from a serious health condition that made him unable to perform the essential functions of his job.

42.

Mr. Fuller suffered an adverse employment action when he was terminated. Mr. Fuller was engaged in a statutorily protected conduct when he took FMLA leave. The close proximity of events demonstrates a causal connection between his taking FMLA and his termination.

43.

As a result of Defendant's unlawful and discriminatory practices, Mr. Fuller has been deprived of equal employment opportunities and wages.

44.

As a result of Defendant's unlawful and discriminatory practices, Mr. Fuller has suffered damages, including, but not limited to, the loss of his job, wages, emotional distress, inconvenience, humiliation, and other indignities. Mr. Fuller is entitled to compensatory damages, interest, liquidated damages, attorney's fees and costs, and other equitable relief such as employment, reinstatement and promotion. 29 U.S.C. § 2617 (a).

## COUNT III
## NEGLIGENCE
### 45.

Plaintiff incorporates paragraphs 1 to 30 and any other facts this Court deems relevant into this Count as if set out fully herein.

### 46.

Based on the incorporated facts to support this Count, Defendant negligently caused Mr. Fuller pain and suffering. The ADA's prohibition of discrimination against persons with disabilities established the standard of care and its correlated duties owed to Mr. Fuller. Defendant violated its duty owed to Mr. Fuller by terminating his employment because of his disability.

### 47.

As a direct and proximate result of Defendant breaching its duty owed to Mr. Fuller, Defendant Pirelli Tire is liable to Mr. Fuller for all compensatory and punitive damages allowed by controlling law.

## COUNT IV
## ATTORNEY FEES
### 48.

Plaintiff incorporates paragraphs 1 to 30 and any other facts this Court deems relevant into this Count as if set out fully herein. Based on the facts alleged in this Complaint, Mr. Fuller is entitled to attorney fees pursuant to his ADA claim.

# COUNT V
# PUNITIVE DAMAGES

49.

Plaintiff incorporates paragraphs 1 to 30 and any other facts this Court deems relevant into this Count as if set out fully herein. Based on the facts and assertions incorporated in this Complaint, Mr. Fuller is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a trial by jury, and that the following relief be granted:

a) That this Court take jurisdiction of this matter;

b) That process be served upon Defendant;

c) That this Court enter judgment in favor of Plaintiff and against Defendant on all counts above;

d) That the Court award Plaintiff back pay and all lost economic benefits of his employment with Defendant, including interest, in an amount to be determined at the trial of this case;

e) That the Court award compensatory damages against Defendant in an amount to be determined by a trier of fact;

f) That the Court award punitive damages against Defendants in an amount to be determined by a trier of fact;

g) That the Court award special damages against Defendants in an amount of $250,000 for lost wages;

h) That the Court award Plaintiff reasonable attorney fees and costs of litigation;

i) That the Court grant such other relief as justice requires to fully compensate Plaintiff for his losses due to Defendants' conduct, as pled.

Respectfully submitted this 21st day of June 2021,

/s/ DAVID BETTS
David Betts (Ga # 055850)

**BETTS & ASSOCIATES**
44 Broad Street NW Suite 200
Atlanta, GA 30303
404-254-0442/404-935-9391 FAX
davidbetts@bettslaw.com

/s/ MARIO WILLIAMS
Mario B. Williams (Ga # 235254)

**NDH LLC**
44 Broad Street NW, Suite 200
Atlanta, GA 30303
404-254-0442 / 404-592-6225 FAX
mwilliams@ndh-law.com